UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NAUM I. VOLOVETS,

                        Plaintiff,

-against-

U.S. PRESIDENT DONALD J. TRUMP; U.S. SECRETARY OF STATE MIKE POMPEO; U.S. ATTORNEY GENERAL WILLIAM BARR; U.S. AMBASSADOR TO UKRAINE KRISTINA KVIEN,

                        Defendants.

1:20-CV-8504 (LJL)

TRANSFER ORDER

---

LEWIS LIMAN, United States District Judge:

    Plaintiff Naum I. Volovets, who resides on Staten Island, New York, brings this *pro se* action alleging that the defendants violated his federal constitutional rights and his rights under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 551, *et seq*.[1] He sues: (1) Donald J. Trump, the President of the United States, (2) Mike Pompeo, the Secretary of State of the United States, (3) William Barr, the Attorney General of the United States, and (4) Kristina Kvien, the United States Chargé d'Affaires ad interim to Ukraine.[2] In addition to relief under FOIA, Plaintiff seeks damages, declaratory relief, as well as additional injunctive relief. Because all the defendants are federal officers, the Court construes Plaintiff's complaint as seeking relief under FOIA; 28 U.S.C. § 1361 (mandamus relief); the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*.; and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). For the following reasons, however, the Court transfers this action to the United States District Court for the Eastern District of New York.

---

[1] Plaintiff has paid the relevant fees to bring this action.

[2] Plaintiff mistakenly refers to Kvien as the United States Ambassador to Ukraine.

The applicable venue provision for Plaintiff's claims under 28 U.S.C. § 1361, the APA, and *Bivens* can be found at 28 U.S.C. § 1391(e). Under that provision:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Under 28 U.S.C. § 1391(c)(1), for venue purposes, a "natural person" resides in the district where the person is domiciled.

The venue provision for claims under FOIA provides that:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B).

Plaintiff resides, and his place of business is located, on Staten Island, Richmond County, New York. Richmond County is not located within this judicial district; it is located within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff does not allege that President Trump, Secretary Pompeo, Attorney General Barr, or Chargé Kvien resides in this judicial district, that a substantial part of the events or omissions giving rise to his claims arose in this judicial district, or that the relevant records are situated within this judicial district. Thus, this Court is not a proper venue for any of Plaintiff's claims.

Plaintiff does allege that President Trump, Secretary Pompeo, and Attorney General Barr reside in Washington, D.C., and that Chargé Kvien resides in Ukraine. And his claims do not involve real property located in the United States. But he does not specify where within the United States the events giving rise to claims took place, or where within the United States the

relevant records are situated. Thus, the only federal district court that is a proper venue for all Plaintiff's claims is the one located within the judicial district in which he resides and has his place of business, the United States District Court for the Eastern District of New York. Accordingly, this Court transfers this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

Plaintiff has consented to electronic service of Court documents. (ECF 2.) The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. This order closes this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 15, 2020
        New York, New York

                                                            LEWIS J. LIMAN
                                          United States District Judge