UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAUM I. VOLOVETS,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                               20-CV-5082 (RRM) (LB)

   -against-

U.S. PRESIDENT DONALD J. TRUMP,
U.S. SECRETARY OF STATE MIKE POMPEO,
U.S. ATTORNEY GENERAL WILLIAM BARR,
U.S. AMBASSADOR TO UKRAINE
KRISTINA KVIEN,

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Naum I. Volovets, proceeding *pro se*, filed this action against President Donald J. Trump, Secretary of State Mike Pompeo, Attorney General William Barr, and Ambassador Kristina Kvien, pursuant to the Freedom of Information Act ("FOIA") and the United States Constitution.[1] The action was initially filed in the Southern District of New York and was transferred to this Court by Order dated October 15, 2020. Although Volovets paid the filing fee to commence this action, the complaint is dismissed for the reasons set forth below.

## BACKGROUND

      Volovets brings this FOIA action seeking information concerning the Treaty between the United States of America and Ukraine Concerning the Encouragement and Reciprocal Protection of Investment, Mar. 4, 1994, U.S.-Ukraine, S. Treaty Doc. No. 103-37 (1994) ("Ukraine Bilateral Investment Treaty"). (Compl., Ex. 1 at 21–25.)[2] Volovets appears to seek this information in connection with legal difficulties he has encountered with his business, Telephone

---

[1] While Kvien acts as Chief of Mission in Ukraine, she is technically the Chargé d'Affaires *ad interim* and not an Ambassador.
[2] All page citations correspond to ECF pagination unless otherwise indicated.

1

Intelligent Systems ("TIS"), in Ukraine. Volovets alleges that "for over 20 years, his rights as an American investor in Ukraine were violated." (Compl. at 16). Volovets alleges that he "received in his favor 41 court orders that have been filed for enforcement, but due to total corruption in Ukraine, only a few have been enforced." (Compl. at 17.)

Volovets brings this action because he filed a "request for Information on the 'Treaty'" but "did not receive any answer to the questions posed," and seeks "a Declaratory Judgment declaring the defendants' actions criminal and illegal for ignoring his requests for information about the international 'Treaty' and its implementation." (*Id.* at 17–18.) He also seeks $200,000 and costs. (*Id.* at 18–19.)

On December 16, 2020, Volovets filed a motion for leave to amend the complaint, (Doc. No. 11), a proposed amended complaint, ("Proposed Am. Compl.") (Doc. No. 11-1); additional documents, most of which are not in English, (Doc. No. 14); and a motion for a hearing, (Doc. No. 13). Volovets's proposed amended complaint does not name Kvien as a defendant. (Proposed Am. Compl. at 1.) Volovets's motion to amend the complaint describes the changes he seeks to make to his original complaint should the Court grant leave to amend – adding documents showing investors who sued the Ukrainian Government, which Volovets's argues "will be helpful to the U.S. Attorney to determine all details in order to prosecute my case," and adding new contact information and calculations of costs of litigation. (Mot. to Amend at 1.)

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that Volovets is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Courts must read *pro se* complaints with

"special solicitude" and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotation marks omitted).  A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

A district court may dismiss an action *sua sponte*, even if the plaintiff has paid the filing fee, if it determines that the action is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 263, 363–64 (2d Cir. 2000), or that the district court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).  An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted); or (3) "it is clear that the defendants are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## DISCUSSION

The Freedom of Information Act ("FOIA"), codified at 5 U.S.C. § 552, created a judicially enforceable public right of access to information collected by executive branch agencies, subject to specified limitations.  Federal court jurisdiction "is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"  *Kissinger v.*

*Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980).  FOIA claims must be brought against the federal agency, not against individual federal officials.  *Mancuso v. U.S. E.P.A.*, No. 12-CV-1027 (LEK) (TWD), 2012 WL 6765360, at *4 (N.D.N.Y. Nov. 5, 2012) ("Individual federal officials are not proper defendants in a FOIA action because it is the *agency's* responsibility to produce records.") (quotation marks and citation omitted); *Pierce v. Marano*, No. 01-CV-3410, 2002 WL 1858772, at *6 (S.D.N.Y. Aug. 13, 2002) ("Claims under the Freedom of Information Act . . . can only be directed to federal agencies – not state agencies or private individuals.").

Here, Volovets does not argue that any agency withheld records.  Rather, he argues that the defendants have failed to answer his questions, (Compl. at 18), and have failed to intervene in his business troubles in Ukraine.  As Volovets has not alleged that any federal agency has violated his rights under FOIA, this Act does not provide a basis for the Court's subject matter jurisdiction over his complaint.

Furthermore, Volovets's official capacity claims arising under the United States Constitution against President Trump, Secretary Pompeo, Attorney General Barr, and Chargé d'Affaires Kvien are barred by the doctrine of sovereign immunity.  *See Montero*, 171 F.3d at 760 ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke,* 490 U.S. at 327).  Sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, except where sovereign immunity has been waived, *see United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against . . . federal officers in their official capacities is essentially a suit against the United States, such suits are also barred

4

under the doctrine of sovereign immunity, unless such immunity is waived."), and President Trump is absolutely immune from suit for damages "predicated on his official acts." *See Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). Volovets does not allege any facts suggesting that any of the defendants were personally involved in violating his constitutional rights or that sovereign immunity has been waived. Therefore, President Trump, Secretary Pompeo, Attorney General Barr and the Chargé d'Affaires Kvien are therefore immune from any liability under the doctrine of sovereign immunity.

Finally, Volovets requests a declaratory judgment finding that the defendants' actions were "criminal and illegal." (Compl. at 18.) The Court finds as a matter of law that Volovets lacks standing to pursue such an action because private citizens have no constitutional or other right to a criminal investigation, nor any judicially cognizable interest in the prosecution or non-prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Alaji Salahuddin v. Alaji*, 232 F.3d 305, 307 (2d Cir. 2000). Multiple provisions in the Constitution prevent the Court from declaring anyone guilty of crime. Accordingly, the Court cannot grant the declaratory relief that Volovets seeks.

A Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, where amendment would be futile, leave to amend need not be given. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997)). Since it would be futile to grant Volovets leave to amend his complaint against the President, Secretary of State, Attorney General, and the Chargé d'Affaires *ad interim* to Ukraine, this action is dismissed with prejudice. Accordingly, because granting leave to amend would be futile, and because Volovets's proposed amended

complaint does not (and cannot) cure any of the deficiencies identified in this Memorandum and Order, Volovets's motion to amend the complaint and request for a hearing are denied.

## CONCLUSION

For the reasons set forth above, this action is dismissed. Although Volovets paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment in favor of defendants, to mail a copy of the judgment and this Memorandum and Order to Volovets, to note that mailing on the docket sheet, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       December 18, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge